UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILLADEAN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-111-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Willadean Moore filed this action on March 20, 2019, alleging one count of negligence against Defendant United States for alleged injuries caused by a fall at the Troy Bowling Campus of the United States Department of Veterans Affairs Health Care System in Lexington, Kentucky ("the Lexington VA"). [Record No. 1] The United States has moved for partial summary judgment regarding Moore's claims for alleged "internal injuries," alleged injuries to her right hand, wrist, foot, and leg, and (possibly) an alleged injury to her left wrist. [Record Nos. 28 and 28-1] The defendant also seeks summary judgment on Moore's request for future medical expenses. [*Id.*]

Moore concedes in her response that she "does not intend to pursue claims at trial related to internal injuries, her right foot and leg, or her right wrist" and "does not seek future medical expenses." [Record No. 29, p. 1] The United States' reply withdraws any motion for partial summary judgment as to the plaintiff's alleged left wrist injury and requests that the Court exclude all evidence relating to the alleged internal injuries and alleged injuries to her right hand extremities as well as associated damages. [Record No. 31] Having considered the

- 1 -

matter, the Court will enter partial summary judgment in favor of the United States on the grounds requested.

## I.

Moore accompanied her husband, a VA patient, to an appointment at the Lexington VA on August 28, 2017. [Record No. 28-2, p. 14] While there, she fell over a pallet located on the floor of a hallway as she was leaving the facility. [*Id.* at pp. 15-16] Moore was admitted to the Lexington VA's Emergency Department after the fall. Her chief complaint involved pain in her "left hand/left wrist [and] low back pain." [Record No. 29-3, p. 1] The Lexington VA diagnosed her injuries as a "commonuted fracture of trapezium carpal bone, left wrist." [*Id.* at pp. 4-5] Dr. Juan Martin Favetto treated her for wrist injuries the day following the fall. He determined: "X-rays of the hand today show significant arthritic change in the first CMC joint. I do not see any acute process or fracture." [Record No. 29-4, p. 4]

Moore was then treated by orthopedist Dr. Harry Lockstadt on August 30, 2017. Dr. Lockstadt diagnosed the pain in Moore's hip area as "[s]acroiliitis with a recent exacerbation from the fall that she had at the Veterans Administration Hospital."[1] [Record No. 29-5, p. 4] He noted that "[t]his is affecting the right side predominantly" and treated the condition with periodic sacroiliac joint cortisone injections beginning August 31, 2017. [*Id.* at pp. 1, 9, 13, 17, and 21] Moore eventually underwent sacroiliac joint fusion surgery on August 8, 2018. [*Id.* at pp. 26-30]

---

[1] "Sacroiliitis . . . is an inflammation of one or both of your sacroiliac joints — situated where your lower spine and pelvis connect. Sacroiliitis can cause pain in your buttocks or lower back, and can extend down one or both legs." *Sacroiliitis: Symptoms and Causes*, https://www.mayoclinic.org/diseases-conditions/sacroiliitis/symptoms-causes/syc-20350747 (last visited Apr. 15, 2020).

Moore filed this action on March 20, 2019, alleging one count of negligence against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.* Her Complaint states that she "sustained injuries to various portions of her body including, but not limited to, her left hand, right foot, right leg, her hips, and her back, and she also sustained internal injuries" as a result of the United States' negligent maintenance of its Lexington VA premises. [Record No. 1, ¶ 16]

Moore's treating physicians are identified as expert witnesses in this case. She offers Dr. Favetto for testimony regarding the left wrist injury allegedly caused by the defendant's negligence. [Record Nos. 28-6, p. 3 and 29, p. 10] Moore offers Dr. Lockstadt to provide "causation opinions on the injuries to Plaintiff's low back, hips, right sacroiliac joint, and the treatment and cost thereof . . . ." [Record No. 29, p. 9; *see also* Record No. 28-6, p. 3] Dr. Lockstadt has stated in his deposition that he would not offer any testimony at trial regarding hand, wrist, ankle, or gastroenterological injuries relating to the August 28, 2017 fall. [Record No. 28-4, pp. 12, 26] He has also indicated that he did not anticipate future treatment of sacroiliitis complications relating to the fall. [*Id.* at pp. 40-42]

## II.

"Summary judgment is appropriate when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law." *I.L. by and through Taylor v. Tenn. Dep't of Educ.*, 739 F. App'x 319, 321 (6th Cir. 2018) (citing Fed. R. Civ. P. 56(a)). The moving party initially bears the burden of showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the movant meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *McLaughlin v. Fifth Third Bank, Inc.*, 772 F.

App'x 300, 302 (6th Cir. 2019) (citing Fed. R. Civ. P. 56(e)). "All evidence must be considered in the light most favorable to the non-moving party." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### III.

There are no disputes concerning the material facts related to the issues for which the United States seeks summary judgment. The United States argues that it is entitled to partial summary judgment on the issues stated above for the following reasons: (1) the plaintiff has not offered the requisite expert testimony to support her claims that the defendant's negligence proximately caused hand, wrist, leg, or "internal injuries;" (2) "[t]he record does not support a finding that alleged injuries to Plaintiff's right hand and wrist, right foot, ankle, and leg, or 'internal injuries,' were related to her fall;" and (3) the record does not indicate that Moore will incur future medical expenses. [Record No. 28-1, pp. 2-7]

Moore has clarified in her response that she does not seek damages regarding injuries to her right hand, wrist, foot, and leg or internal injuries. [Record No. 29, p. 1] Further, she does not seek damages for future medical expenses. [*Id.*] Therefore, partial summary judgment is appropriate regarding these issues.

The government's position is not clear regarding the injury to Moore's *left* wrist. It does not explicitly seek summary judgment on this issue. [Record No. 28-1] In fact, the United States points out that any alleged wrist injury involves her left, rather than right, wrist. [*Id.* at p. 5] However, the plaintiff's response perceives an attempt by the defendant to obtain summary judgment on this issue based on the United States' assertion that Moore has not offered expert testimony regarding general wrist injuries as required by Kentucky law under the FTCA. [Record Nos. 28-1, pp. 2-4 and 29, pp. 9-11] Moore essentially construes this

argument as an attack on the ability of Dr. Favetto to testify regarding damage to her left wrist following her fall. [Record No. 29, pp. 9-11] But regardless of what the United States actually intended to argue in the motion itself, the defendant has since indicated in its reply that it will "withdraw its motion for partial summary judgment as to the Plaintiff's left wrist." [Record No. 31] Therefore, summary judgment on the alleged injury to the left wrist will be denied.

Moore also contends that the United States' position that it did not breach a duty to the defendant is without merit. [Record No. 29, pp. 11-14] However, the United States has expressly declined to seek summary judgment on this ground, and it unnecessary to address the issue in connection with the pending motion. [Record Nos. 28-1, p. 2 and 31]

Finally, the United States' reply brief "respectfully requests that the Court order that Plaintiff is prohibited from presenting evidence of internal injuries, injuries to her right leg and foot, and right wrist, and from claiming damages associated with those injuries." [Record No. 31, p. 2] Although Moore only seems intent on offering evidence regarding her left wrist, hip, and lower back area injuries (particularly through the testimony of Dr. Lockstadt and Dr. Favetto), the Court notes that the United States has not formally moved for such a blanket exclusion of evidence. Consequently, the plaintiff has not briefed this issue. If the defendant wishes to attempt to exclude such evidence, it may file a pretrial motion *in limine* or object to the introduction of such evidence during trial.

### IV.

Having considered the matter and being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

1. Defendant United States' motion for partial summary judgment [Record No. 28] is **GRANTED**.

2. Partial summary judgment is entered in favor of the United States regarding Plaintiff Moore's claims for damages resulting from internal injuries and injuries to her right hand, wrist, foot, and leg. Further, partial summary judgment is entered in favor of the defendant regarding the plaintiff's claim for future medical expenses.

3. The plaintiff's claims for damages resulting from injuries to her back, hip area, and left wrist/hand remain pending.

Dated: April 16, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky